IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

MICHAEL BELIN, LISA DAFFRON,
and CAROL BELIN,

      Plaintiffs,

                            CASE NO.: 8:06-cv-760-T24-EAJ

vs.

LITTON LOAN SERVICING, LP;
ENHANCE FINANCIAL SERVICES
GROUP INC.; LITTON GP LLC;
MORTGAGE GUARANTY INSURANCE
CORPORATION, and various
"John and Jane Smiths",

      Defendants.
_____/

## RESPONSE BY PLAINTIFFS MICHAEL BELIN, LISA DAFFRON, AND CAROL BELIN IN OPPOSITION TO "MOTION TO STRIKE DEMAND FOR JURY TRIAL"

Plaintiffs Michael Belin, Lisa Daffron, and Carol Belin hereby file this Response in Opposition to Motion to Strike Demand for Jury Trial filed herein by Defendants Litton Loan Servicing, LP; Enhance Finance Services Group, Inc.; Litton GP LLC; and Mortgage Guaranty Insurance Corporation pursuant to Fed.R.Civ.P. 12(f), and state that the Motion to Strike Demand for Jury Trial should be denied because Plaintiffs in actions for violations of the federal Fair Debt Collection Practices Act (FDCPA) have a non-waivable constitutional right to a jury trial in such actions for the reasons reflected herein below.

## MEMORANDUM OF LAW

### I. BACKGROUND

Plaintiffs Michael Belin, Lisa Daffron, and Carol Belin filed a Complaint in the above-captioned matter for multiple violations of the FDCPA and Florida Consumer Collection Practices Act (FCCPA) against various Defendants. The Complaint makes timely demand for trial by jury. The named known Defendants, all of which are represented by single counsel, in response have filed, *inter alia*, a Motion to Strike Demand for Jury Trial premised upon a contractual waiver of jury trial contained in a mortgage signed only by Plaintiff Michael Belin (the mortgage having been referred to in the Complaint). However, the Motion to Strike Demand for Jury Trial must fail for several reasons, as reflected herein below.

## II. STANDARD FOR EVALUATING MOTION TO STRIKE

The standard for evaluating a motion to strike is similar to that employed in the case of motions to dismiss. That is, "In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings." Seibel v. Society Lease, Inc., 969 F.Supp. 713 (M.D. Fla. 1997). In the instant case, however, the question is one of statutory interpretation and application of constitutional precepts surrounding the statutory rights granted under the FDCPA; the normal and traditional constitutional right to trial by jury; and the

Congressional purpose underlying the passage of the FDCPA.

### III: ARGUMENT

**THE MOTION TO STRIKE DEMAND FOR JURY TRIAL SHOULD BE DENIED BECAUSE (1) TWO OUT OF THE THREE PLAINTIFFS DID NOT SIGN THE MORTGAGE REFERRED TO BY THE DEFENDANTS; AND THUS THERE IS NO WAIVER AS TO THE RIGHT TO A JURY TRIAL; (2) THE CAUSES OF ACTION UNDER THE FDCPA AND FCCPA DO NOT ARISE OUT OF AND ARE NOT "RELATED TO" THE MORTGAGE REFERRED TO IN THE COMPLAINT; AND (3) PLAINTIFFS IN ACTIONS UNDER THE FDCPA AND FCCPA HAVE AN ABSOLUTE, NON-WAIVABLE RIGHT TO TRIAL BY JURY.**

(1) The Eleventh Circuit Court of Appeals has ruled that Plaintiffs bringing claims under the FDCPA are entitled to jury trials in such actions. Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982). The Court there observed that "[I]f the claim involves rights and remedies of the sort traditionally enforced in an action at law, the Seventh Amendment requires that the right to jury trial be preserved." *Id*., at 832.

Furthermore, the Court there stated that, "The thrust of the Fair Debt Collection Practices Act is prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts....We conclude that the Act's reference to an allowance of damages by the Court must be construed to embody the right of trial of jury. This construction serves to avoid serious Constitutional questions under the Seventh Amendment regarding the remedial scheme of

the Act." *Id*., at 834.

Thus, there is no question as to the right of two out of the three Plaintiffs, Lisa Daffron and Carol Belin, to a jury trial in the above-captioned matter, since neither of them signed the mortgage referred to in the Defendants' Motion to Strike.

(2) Even if all three Plaintiffs had signed the mortgage referenced in the Complaint and in the Motion to Strike Demand for Jury Trial, the Motion would still be unavailing. This is because this cause of action under the FDCPA does not "arise out of" the mortgage; nor can it be said to be "in any way related" to the mortgage or the note for purposes of the FDCPA. This is because the claim under the FDCPA---similar to all claims under the statute---is not brought because of a contractual dispute regarding the matters contained in the mortgage or the note accompanying it (as referenced in the Motion to Strike, page 2). Rather, this action aims at the **behavior** of those who were seeking to collect money from Plaintiff Michael Belin, and who in the process abused not only him but also Plaintiffs Lisa Daffron and Carol Belin. This observation is similar to that made by the Court in the case of Azar v. Hayter, 874 F.Supp. 1314 (N.D. Fla. 1995), wherein the Court, at 1317, stated, "Plaintiff's FDCPA claim has nothing to do with whether the underlying debt is valid.

An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt...."

Further, "Congress...has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope. S.Rep. No. 382, 95th Cong., 1st Sess. 4 (1977)." Broadnax v. Greene Credit Service, 106 F.3d 400 (6th Cir. 1997). This standard applies to all consumer protection statutes, and has been recognized by the Eleventh Circuit, which has ruled that such statutes are, "...remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." Ellis v. General Motors Acceptance Corporation, 160 F.3d 703, 707 (11th Cir. 1998).

Under the circumstances, it is difficult to square such broad remedial purpose with a consumer's waiver of the right to trial by jury, when the cause of action does not even arise out of the contractual document referenced by the Defendants.

(3) Finally, and perhaps most importantly, it is clear that where a statute is required to be liberally construed in order to effectuate its remedial purposes, it would be violative of clear congressional intent to allow least sophisticated consumers wronged under the provisions of the FDCPA to waive as fundamental a right as trial by jury.

Although it is clear that, "...contractual provisions waiving trial by jury in civil actions are neither illegal nor contrary to public policy. <u>McCarthy v. Wynne</u>, 126 F.2d 620 (10th Cir. 1942), cert. denied 317 U.S. 640," <u>Smith-Johnson Motor Corporation v. Hoffman Motors Corporation</u>, 411 F.Supp. 670 (E.D. Va. 1975), the Eleventh Circuit, like all other circuits, has adopted a "least sophisticated consumer" standard with respect to the FDCPA. <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985). Because of that standard, and because of the liberal construction required of a consumer law crafted as a broad remedial statute, it has been ruled that consumers cannot waive the venue provisions of the FDCPA under 15 U.S.C. §1692i. <u>Blakemore v. Pekay</u>, 895 F.Supp. 972, 983 (N.D. Ill. 1995). Nor is a consumer required, "to invoke his rights under the FDCPA during the course of the debt collection claim or risk waiving those rights altogether." <u>Spears v. Brennan</u>, 745 N.E. 2d 862 (Ind. App. 2001). Nor does a debtor's communication to a creditor constitute an admission of liability or a waiver of the protections of the FDCPA. <u>Johnson v. Eaton</u>, 873 F.Supp. 1019 (M.D. La., 1995)

The above rulings that consumers, judged under the "least sophisticated" standard, may not waive protections under the broad remedial schema mandated by Congress in the FDCPA is not surprising. The statute, after all, is a strict liability law

which imposes liability on erring debt collectors regardless of intent or knowledge. "The FDCPA is a strict liability statute." Ferguson v. Credit Management, 140 F.Supp. 2d 1293, 1297 (M.D. Fla. 2001). *Accord*, Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996); Randolph v. IMBS. Inc., 368 F.3d 726, 730 (7th Cir. 2004). Thus, the inescapable conclusion is that, given the type of statute the FDCPA is, and given the broad remedial purpose of the statute, as well as the least sophisticated consumer standard, consumers aggrieved by violations of the FDCPA need not---indeed, may not---waive their rights under the statute, including, perforce, their right to a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution.

### IV. CONCLUSION

For the above reasons as stated in this Memorandum of Law, the Motion to Strike Demand for Jury Trial filed herein by the Defendants discussed above should be denied.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail or by the Court's CM/ECF system which will send electronic filing to: Michael Duncan, Esq., 350 E. Las Olas Blvd., Suite 1600, Ft. Lauderdale, FL 33301, and William Heller, Esq., 350 E. Las Olas Blvd., Suite 1600, Ft. Lauderdale, FL 33301 on June 15, 2006.

```
                                        /s/ Timothy Condon
                                        Timothy Condon, Esq.
                                        VOLLRATH-CONDON, P.A.
                                        Florida Bar ID# 217921
                                        Post Office Box 1007
                                        Tampa, Florida 33601
                                        813-251-2626  Fax 254-2779
                                        Email: tim@timcondon.net
                                        ATTORNEY FOR PLAINTIFFS
```