IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

MICHAEL BELIN, LISA DAFFRON,
and CAROL BELIN,

       Plaintiffs,

                         CASE NO.: 8:06-cv-760-T24-EAJ

vs.

LITTON LOAN SERVICING, LP;
ENHANCE FINANCIAL SERVICES
GROUP INC.; LITTON GP LLC;
MORTGAGE GUARANTY INSURANCE
CORPORATION, and various
"John and Jane Smiths",

       Defendants.
_____/

<u>RESPONSE BY PLAINTIFFS MICHAEL BELIN, LISA DAFFRON, AND CAROL
BELIN IN OPPOSITION TO "DEFENDANTS' MOTION TO DISMISS "</u>

    Plaintiffs Michael Belin, Lisa Daffron, and Carol Belin

hereby file this Response in Opposition to the Motion to

Dismiss the Complaint filed herein by Defendants Litton Loan

Servicing, LP ("Litton"); Enhance Financial Services Group,

Inc.; Litton GP, LLC; and Mortgage Guaranty Insurance

Corporation ("the Defendants") pursuant to Fed.R.Civ.P.

12(b)(6), and as grounds therefore state that the said Motion

to Dismiss should be denied. The motion is without merit

because the Defendants are liable based upon the facts alleged

in the Complaint, as well as those reasonably expected to be

uncovered in discovery. More particularly, each of the many

grounds of attack utilized by the Defendants in the Motion to

Dismiss are to no avail for the reasons given herein below.

**MEMORANDUM OF LAW**

**I. BACKGROUND**

Plaintiff Michael Belin executed a note secured by a mortgage on his home located at 3062 E. Gladys St. in Inverness, Florida on or about June 24, 2005. Mr. Belin lives there with his girlfriend, Lisa Daffron, on the weekends, and stays with his mother, Plaintiff Carol Belin, during the week in Largo, Florida because of the location of his employment. The original mortgagee was First NCL Financial Services, LLC, who apparently immediately assigned the mortgage to another company, which in turn apparently assigned it to Ockwin Mortgage, which then assigned it in September 2005 to Litton Loan Servicing, LP. From the very inception of the mortgage, including the date the first payment was due, Mr. Belin was told that the mortgage was in default.

Ms. Daffron, who works as a bookkeeper, assisted in attempting to get the matter of the "defaulted" mortgage straightened out. Letters were sent and many telephone calls were made in those attempts by Mr. Belin and Ms. Daffron, all to no avail. After the mortgage and note were assigned to Litton Loan Serving, LP, "collection calls" began to be received by the Plaintiffs from representatives of Litton, including calls to the home of Mr. Belin's mother, Plaintiff

Carol Belin, and including multiple telephone messages left on Ms. Belin's telephone answering machine, as well as multiple telephone conversations with her.

Eventually, as a result of the impossibility of getting the various mortgage companies to credit the payments which had been timely made, Mr. Belin stopped making payments on the mortgage, sequestering the monies, and a foreclosure action against his home followed.

The Plaintiffs bring this case now under the FDCPA and the FCCPA for various actions taken by Litton Loan Servicing, LP, or its representatives, including calling Mr. Belin repeatedly so as to harass him and others, leaving messages on his mother's answering machine, harassing both Lisa Daffron and Carol Belin, denying that timely payments made by Mr. Belin had been received, refusal to cooperate in straightening out the mistakes apparently made by the various mortgage companies, making at least one collection call prior to 8:00 a.m., etc., all in violation of various provisions of the FDCPA and the FCCPA.

Although the main contention of the Defendants is that Litton and its general partners (the other Defendants) are not subject to the FDCPA because they are not "debt collectors" within the meaning of the statute, the claims of insufficiency in the motion to dismiss are themselves insufficient, as

explained below.

## II. STANDARD FOR MOTION TO DISMISS

The standard for a motion to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) has been enunciated by the Federal Court for the Middle District of Florida, Tampa Division, as follows:

> **On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1967). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991). Although the court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there. Papasan v. Allain, 478 U.S. 265, 286; Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).**

Eloian v. Mutual Life Insurance Co. of New York, 945 F.Supp. 1547 (M.D. Fla. 1996).

The Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a), and any ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393 (9th Cir., 1973). Further, it has been noted in this Circuit that the threshold for a complaint to survive a motion to dismiss for failure to state a claim is "exceedingly low." Ancata v. Prison Health

<u>Services, Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985).

### III: ARGUMENT

### PRELIMINARY OBSERVATIONS REGARDING THE ORIGINATION, PURPOSE, AND PROVISIONS OF THE FDCPA AND OTHER CONSUMER PROTECTION STATUTES

Congress included in the text of the FDCPA the following language: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Thus, "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

Consumer protection statutes---such as the Truth in Lending Act, the Fair Credit Reporting Act, and their sister statute, the FDCPA---are "remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." <u>Ellis v. General Motors Acceptance Corporation</u>, 160 F.3d 703 (11th Cir. 1998). Thus, given the especially clear Congressional intent stated above, it is unsurprising that the

FDCPA has been found to be a strict liability statute,
Ferguson v. Credit Management Control, Inc., 140 F.Supp.2d
1293, 1297 (M.D. Fla. 2001), where a single violation of the
statute is sufficient to trigger civil liability, *ibid.* at
1297, the provisions of which are to be examined from the
perspective of "the least sophisticated consumer," Jeter v.
Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

Given the extremely broad scope of the FDCPA as outlined
above, it appears to be clear that the Complaint does indeed
state legitimate causes of action for not only one, but
multiple violations of the provisions of the FDCPA.

**RESPONSE TO ARGUMENTS OF DEFENDANTS LITTON LOAN SERVICING, LP;**
**ENHANCE FINANCIAL SERVICES GROUP INC.; LITTON GP LLC; AND**
**MORTGAGE GUARANTY INSURANCE CORPORATION:**

**A. The Defendants allege that the Complaint is**
**insufficient to state causes of action against any Defendant**
**other than Litton Loan Servicing, LP, because, "These**
**Plaintiffs allege no conduct by any Defendants other than**
**Litton, making it impossible for the non-acting Defendants to**
**frame a response to the Complaint." Motion to Dismiss, page 4.**

The Defendants' objection in the Motion to Dismiss would
be well-founded if it were not for the fact that the
principles of partnership law provide that "...[G]eneral
partners of a limited partnership engaged in debt collection
can themselves be held liable under the FDCPA." Ramble v. GC
Services, L.P., 25 F.Supp. 2d 849 (N.D. Ill. 1998). *See also,*
Peters v. AT&T Corp., 43 F.Supp. 2d 926, 930 (N.D. Ill. 1999);

<u>Miller v. McCalla, Reymer, Padrick, Cobb, Nichols, and Clark</u>, 214 F.3d 872, 876 (7th Cir. 2000); and <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 405 (3rd Cir. 2000) ("In light of the general partner's role in managing the affairs of the partnership, we see no reason why the general partner should not be responsible for conduct of the partnership which violates the FDCPA.")

In fact, failure to include all the general partners of a limited partnership in an action might well constitute failure to join an indispensable party, which would in turn make the Complaint subject to dismissal (not to mention providing an issue which could be brought up for the first time on appeal). 39 Fla. Jur. 2d, PARTIES, Sec. 15.

**B. The Defendants assert that Litton Loan Servicing, LP does not meet the definition of "debt collector" under the FDCPA, and therefore is not subject to the statute. Motion to Dismiss, page  6.**

This is a much more interesting, not to mention crucial, issue asserted by the Defendants in the Motion to Dismiss, page 6.

It is true that the Courts have steadfastly refused to extend the term "debt collector" as defined in the FDCPA to mere creditors. *See,* e.g., <u>Buckman v. American Bankers Insurance Company of Florida</u>, 115 F.3d 892 (11th Cir. 1997); <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197 (5th Cir. 1985) ("The legislative history of 1692a(6) indicates conclusively that a

debt collector does not include the consumer's creditors, a
mortgage servicing company, or an assignee of a debt, as long
as the debt is not in default at the time it was assigned.")

The Defendants state in their Motion to Dismiss that,
"This entire Complaint must be dismissed because none of the
Defendants fall within the definition of 'debt collector'
defined by the FDCPA. The analysis need go no further." Motion
to Dismiss, page 8.

This is not quite correct. Defendants do note correctly
in their Motion to Dismiss that various paragraphs of the
Complaint allege that, "All the payments required to be made
on the mortgage note were paid in a timely manner" (paragraph
11); mortgage payments "had been made in a timely manner"
(paragraph 12); two of the Plaintiffs were told that the
mortgage was in default, "when in fact it had not been"
(paragraph 13a); and payments on the mortgage "had already
been made on a timely basis" (paragraph 13b).

The Defendants assert that those pleadings, as well as
"the foreclosure complaint attached to the Complaint, reveals
the loan was not in default until October 1, 2005." Motion to
Dismiss, page 7.

The above assertions are not dispositive of the Motion to
Dismiss. Firstly, the foreclosure complaint attached to the
Complaint is merely a self-serving assertion by Defendant

Litton Loan Servicing, LP; it is hardly a document that should be taken as holy writ by the Court, is not attached to the Complaint for such purpose, and should not be taken as such for the purposes of the motion before the Court.

Secondly, the Defendants apparently fail to perceive that each of the assertions reflected above from the Complaint can be (and are) true, even while the mortgage had been (unjustly) declared to be in default well before it came into the hands of Litton. In fact, the allegations contained in the Complaint as to what Plaintiffs Michael Belin and Lisa Daffron were told repeatedly, including by Litton, suggest that in fact the mortgage **had** been declared to be in default prior to it being transferred to Litton.

Third and finally, it appears that Litton Loan Servicing, LP specializes in mortgage loans which have gone into default, and takes assignment of such loans. It also advertises itself as a, "subservicer of problem loans from various mortgage servicers and private investors....The company has evolved to where today, Litton Loan Servicing, LP has clearly established itself as one of the premier residential mortgage servicers in the industry as it works to cure problem loans and prevent foreclosures by providing delinquent customers with a full range of structured counseling and support services." *Litton Loan Servicing, LP website*, at

https://www.littonloan.com/aboutlitton.asp.

How does this impact the Court's analysis with regard to the Motion to Dismiss? Simply this: It is quite possible that all the payments which were required to be paid actually **were** sent (i.e. paid) "on a timely basis," while the mortgage itself was still declared to be in default because the payments made on a timely basis had either been misplaced, not forwarded, or not received by whichever mortgage company was then in possession of the mortgage and note; all of which resulted in the mortgage and note being assigned to Litton Loan Servicing, LP as a servicer for defaulted and troubled loans.

Accordingly, the argument that, "Litton is not a debt collector under the FDCPA" must fail, since the FDCPA is clear that if the mortgage was in default or had been declared to be in default prior to being assigned to Litton, then Litton is indeed a "debt collector" subject to the strictures of the FDCPA pursuant to 15 U.S.C. §1692a(6)(F)(iii).

**C. The Defendants argue that, "The alleged 'communications' are not actionable" under the FDCPA.**

1. Are messages left on answering machines "communications" within the definition of the FDCPA? Yes. Even messages left by voicemail or on an answering machine, "that do not explicitly refer to the debt" are still "communications" under the definition found at 15 U.S.C. §1692a(2).

"While the messages may not technically mention specific information about a debt of the nature of the call, Sec. 1692a(2) applies to information conveyed 'directly or indirectly'. Defendant conveyed information to Plaintiff, including the fact that there was an important matter that she should attend to and instructions on how to do so." Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp. 2d. 1104 (C.D. Calif. 2005).

The case of Foti v. NCO Financial Systems, Inc., 424 F.Supp. 2d 643 (S.D. N.Y. 2006), which the Defendants argue against in the Motion to Dismiss, is merely the latest in a string of cases holding that debt collectors may not fill up the answering machines of alleged debtors without disclosing the information required by 15 U.S.C. §1692d(6). *See* Joseph v. J.J. MacIntyre Cos., 238 F.Supp. 2d 1158 (N.D. Calif. 2002) and Joseph v. J.J. MacIntyre Cos., L.L.C., 281 F.Supp. 2d 1156 (N.D. Calif. 2003), as well as Hosseinzadeh, *supra*.

2. Defendants argue that the telephone conversation with Carol Belin, as well as the messages left on her answering machine, are "not communications" within the meaning of the FDCPA.

The Plaintiffs hereby cite all of the cases mentioned above with respect to debt collectors leaving messages on Ms. Belin's answering machine without meaningful disclosure. Such

use of other people's answering machines to chase alleged debtors, without meaningful disclosure, violates both 15 U.S.C. §1692d(6) with respect to all persons, and §1692e(11) with respect to all consumers who allegedly owe a debt.

As to the telephone conversations between representatives of Litton and Plaintiff Carol Belin, the allegations contained in paragraphs 13(c), (d), and (e) are explicitly pled and are entirely sufficient to state causes of action under the FDCPA for each subparagraph.

Although the Defendants cite in their Motion to Dismiss the cases of Padilla v. Payco Gen. Am. Credits, Inc., 161 F.Supp. 2d 264 (S.D. N.Y. 2001) and Horkey v. J.V.D.B. & Assoc., Inc., 179 F.Supp. 2d 861 (N.D. Ill. 2002), both of those cases are easily distinguishable from every case dealing with the misuse of telephone answering machines, including Foti, Hosseinzadeh, Joseph I, and Joseph II, all of which actually do address the question of abusive use of answering machines, while Padilla nor Horkey do not.

**D. The Defendants allege the "remaining allegations lack enough specificity to state a claim. Motion to Dismiss, page 12.**

Paragraph 13(d) of the Complaint alleges that representatives of the Defendants "on several occasions" spoke rudely to Ms. Belin (admitted by the Defendants to be a non-debtor), made demand on her to have her son call them, and

abruptly hung up on her. In addition, paragraph 13(e) of the Complaint alleges that a representative of Litton called Ms. Belin's residence prior to 7:00 a.m., in violation of Sec. 1692c(a)(1) (as to Michael Belin), and in violation of Sec. 1692d with respect to Plaintiff Carol Belin. Other violations of the FDCPA pepper the allegations in the Complaint, and are specifically alluded to.

It is difficult to see how much more specific pleadings could be, in order to place the Defendants on notice of the violations of the FDCPA. In short, cases such as <u>Horkey</u>, *supra*, and <u>Chiverton v. Federal Fin. Group, Inc.</u>, 399 F.Supp. 2d 96 (D. Conn. 2005), both of which are cited by the Defendants, have no applicability to the facts at hand.

**E. The Defendants allege that Plaintiffs Lisa Daffron and Carol Belin "lack standing" to bring the above-captioned action. Motion to Dismiss, page 14.**

The Defendants correctly point out that certain provisions of the FDCPA are actionable by "any person," while other provisions may be invoked only by "consumers." It is true, as Defendants assert, that §1692c applies only to consumers. That section, "...appears to be the most restrictive of the FDCPA's provisions. The other provisions are not limited to 'consumers', and thus are broader than §1692c." <u>Wright v. Fin. Serv. Of Norwalk, Inc.</u>, 22 F.3d 647 (6th Cir. 1994).

Thus, the Defendant's assertion that "non-consumers have no claim" on page 14 of the Motion to Dismiss with regard to §1692c is correct; however, a perusal of the Complaint reveals that violations of that section obviously relate to Michael Belin only. Other violations, such as those alleged in paragraph 13(d) and (e) of the Complaint, either include alternate, "non-consumer-only" sections of the FDCPA, or specifically separate the claim of Michael Belin from Carol Belin.

The Defendants cite the case of Conboy v. AT&T Corp., 241 F.3d 242 (2nd Cir. 2001), wherein the Court ruled, at 257, that, "Because Plaintiffs gave no indication in the District Court that they were asserting a violation of FDCPA other than 1692e(11), and all parties proceeded on the assumption that the only violation claimed was under 1692e(11), we hold that all other claims under the statute were abandoned." However, in the Complaint under consideration there are multiple, specific, explicit allegations of violations of the following sections of the FDCPA (in no particular order): 1692e(11), 1692c(b), 1692d, 1692c(a)(1), 1692c, 1692e, 1692f, 1692g, and 1692h. Since the allegations of the Complaint assert violations of multiple sections of the FDCPA other than §1692e(11), Conboy is inapt, as are other cases standing for the same proposition which are cited by the Defendants.

In addition, the Complaint, starting at paragraph 14 where "Claim for Violations of FDCPA" begins, clearly discloses and specifies various violations of the FDCPA committed by the Defendants against various of the Plaintiffs. Only a single violation of any provisions of the FDCPA need be proven with respect to each of the Plaintiffs in order to trigger liability against all of the Defendants. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993). Thus, not only does the Complaint as pled make out multiple causes of action under the FDCPA and the FCCPA by the Plaintiffs against all of the Defendants, it is also beyond peradventure that the Plaintiffs will prove at least one of the well-pled allegations with regard to the multiple violations of the FDCPA by the Defendants herein.

Given the standard to be adhered to by the Court in assessing a Rule 12(b)(6) Motion to Dismiss such as that presented here by the Defendants, it seems clear that the motion must be denied, and the case should move forward.

## IV. CONCLUSION

For the above reasons as stated in this Memorandum of Law, the Motion to Dismiss discussed above should be denied.


Respectfully submitted,

/s/ Timothy Condon
Timothy Condon - Trial Counsel
VOLLRATH-CONDON, P.A.
Florida Bar ID# 217921
Post Office Box 1007
Tampa, Florida 33601
813-251-2626 Fax 254-2979
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail or by the Court's CM/ECF system which will send electronic filing to: Michael Duncan, Esq., 50 N. Laura St., #2500, Jacksonville, FL 32202, and William Heller, Las Olas Centre II, #1600, 350 E. Las Olas Blvd., Ft. Lauderdale, FL 33301, on June 20, 2006.

/s/ Timothy Condon
Timothy Condon, Esq.
VOLLRATH-CONDON, P.A.
Florida Bar ID# 217921
Post Office Box 1007
Tampa, Florida 33601
813-251-2626  Fax 254-2779
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFFS