UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BELIN, ET AL.,

       Plaintiffs,

v.                                   Case No.  8:06-cv-760-T-24 EAJ

LITTON LOAN SERVICING, LP, ET AL.,

       Defendants.

_____/

## **ORDER**

       This cause comes before the Court on Defendants' Motion to Dismiss.  (Doc. No. 13).

Plaintiffs oppose this motion.  (Doc. No. 15).

## **I.  Standard of Review**

       In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A

complaint should not be dismissed for failure to state a claim upon which relief can be granted

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal

Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he

bases his claim."  Id. at 47.  All that is required is "a short and plain statement of the claim."

Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will

ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the

plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital

Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiffs Michael Belin, Carol Belin, and Lisa Daffron filed a complaint alleging

violations of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer

Collection Practices Act ("FCCPA").  Specifically, Plaintiffs allege the following in their

complaint (Doc. No. 1): Michael Belin executed a mortgage note that was eventually assigned to

Defendant Litton Loan Servicing, LP ("Litton") during the month of September 2005.  (¶ 9, 10).

Litton took assignment of the mortgage note at a time when the mortgage was asserted to be in

default.  (¶ 10).

Plaintiffs contend that beginning in July of 2005, despite the fact that all payments

required to be made on the mortgage note were made in a timely manner, Mr. Belin and his

girlfriend, Lisa Daffron, were repeatedly told by representatives of the successive mortgage

holders that the mortgage was in default.  (¶ 11).  Thereafter, in connection with attempting to

ascertain why the mortgage was asserted to be in default, Mr. Belin authorized Litton to

communicate with Ms. Daffron regarding the debt.  (¶ 12).  Mr. Belin and Ms. Daffron were

unable to determine why the mortgage was asserted to be in default, and they eventually decided

that continuing to make payments on the mortgage was futile, so Mr. Belin stopped making

payments.  (¶ 13).  Thereafter, on February 3, 2006, a foreclosure action was instituted against

Mr. Belin.  (¶ 13).

On April 25, 2006, Plaintiffs filed suit against Defendants Litton, Litton's general

partners, and Litton's employees.  Plaintiffs contend that Litton's communications with them

violated the FDCPA and the FCCPA.  The communications included the following: (1)

repeatedly telling Mr. Belin and Ms. Daffron that the mortgage was in default, when in fact it was not; (2) repeatedly leaving messages on the answering machine at the home of Mr. Belin's mother, Carol Belin, that only gave the name of Litton, a phone number to call, and directions to have Mr. Belin call that number; (3) speaking rudely to Ms. Belin on several occasions and then hanging up on her; and (4) calling Ms. Belin's house between 6:00 a.m. and 7:00 a.m. one Sunday morning to speak with Mr. Belin about the debt.  (¶ 13).

### III.  Motion to Dismiss

Defendants move to dismiss Plaintiffs' complaint, arguing: (1) that Plaintiffs only allege collection activity by Litton; (2) Litton is not a debt collector under the FDCPA; (3) the alleged communications are not actionable; and (3) Ms. Daffron and Ms. Belin lack standing. According, the Court will address each argument.

### A.  Defendants Other than Litton

Defendants argue that the claims against the general partner defendants and the "John and Jane Smith" employee defendants should be dismissed, because Plaintiffs only allege collection activity by Litton.  The Court rejects this argument.

With regards to the general partner defendants, general partners of a debt collector limited partnership may be held vicariously liable for the partnership's conduct under the FDCPA.[1]  See Police v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000); Peters v. AT & T Corp., 43 F. Supp.2d 926, 930 (N.D. Ill. 1999).  With regards to the "John and

---

[1]Litton is a Delaware limited partnership.  (Doc. No. 1, ¶ 7).  Under Delaware law, general partners are vicariously liable for the acts of the limited partnership, including violations of the FDCPA.  Peters, 43. F. Supp.2d at 930.

Jane Smith" employee defendants, employees of a debt collector may be jointly and severally liable with the debt collector.  See Gottlieb v. Green Oil, Inc., 1998 WL 469849, at *3 (S.D. Fla. May 8, 1998); Teng v. Metropolitan Retail Recovery Inc., 851 F. Supp. 61, 67 (E.D.N.Y. 1994). While Plaintiffs do not allege specific conduct by the "John and Jane Smith" defendants, for the purpose of this motion, the Court presumes that these defendants were actually involved in the challenged communications, since Litton could only act through its agents or employees. Accordingly, the Court denies Defendants' motion on this issue.

**B.  Litton's Status as a Debt Collector**

Next, Defendants argue that Plaintiffs' claims should be dismissed, because Litton is not a debt collector under the FDCPA.  The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Excluded from the definition of a debt collector is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).  Thus, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)(citations omitted).

Defendants argue that Litton is not a debt collector, because Plaintiffs allege in the complaint that when Litton obtained the mortgage note, the loan was erroneously asserted to be

4

in default when in fact it was not actually in default due to Mr. Belin's timely payments.  As

such, Defendants argue that since Plaintiffs allege that timely payments were made and the loan

was not actually in default, Litton is not a debt collector, because it obtained the loan at a time

when the loan was not in default.  As further support for their position that the loan went into

default after Litton obtained it (i.e., after September of 2005), Defendants direct the Court to the

mortgage foreclosure complaint that is attached to the complaint in this case and point to

paragraph 6, which alleges that the mortgage note is in default due to the non-payment of the

October 1, 2005 installment payment.

The Court rejects Defendants' argument that the complaint is due to be dismissed at this

time, since Plaintiffs allege in the complaint that Litton considered the loan to be in default at the

time that it took assignment of it.  While Plaintiffs allege that the loan was not actually in default

at that time–rather, they contend that Litton erroneously determined it to be in default at that

time–the Court finds that the determination as to whether Litton is a debt collector turns on

whether Litton acquired the loan as a debt in default and whether its collection activities were

based on that understanding.  See Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir.

2003).

In Schlosser, the court analyzed the issue of whether an entity is a debt collector if they

mistakenly assert that a debt is in default, when in fact it is not.  See id. at 537.  The Schlosser

court found that in such a case, whether the entity was a debt collector depended on whether the

entity treated the debt as being in default at the time that it acquired the debt.  See id. at 538.

Specifically, the Schlosser court explained:

> Focusing on the status of the obligation asserted by the assignee is reasonable in
> light of the conduct regulated by the statute.  For those who acquire debts

originated by others, the distinction drawn by the [FDCPA]–whether the loan was
in default at the time of the assignment–makes sense as an indication of whether
the activity directed at the consumer will be servicing or collection.  If the loan is
current when it is acquired, the relationship between the assignee and the debtor
is, for purposes of regulating communications and collection practices, effectively
the same as that between the originator and the debtor.  If the loan is in default, no
ongoing relationship is likely and the only activity will be collection.  But if the
parties to the assignment are mistaken about the true status, that status will not
determine the nature of the activities directed at the consumer.  It makes little
sense, in terms of the conduct sought to be regulated, to exempt an assignee from
the application of the FDCPA based on a status it is unaware of and that is
contrary to its assertions to the debtor.  The assignee would have little incentive to
acquire accurate information about the status of the loan because, in the context of
the mistake in this case, its ignorance leaves it free from the [FDCPA's]
requirements.

Id.

As such, at this stage of the case, construing the allegations in the complaint in the light

most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently alleged that Litton

believed that it acquired the loan as a debt in default and that Litton's collection activities were

based on that understanding.  Defendants may challenge this allegation in a motion for summary

judgment or at trial.  Furthermore, the Court rejects Defendants' contention that the allegation in

the foreclosure complaint that default did not occur until after October 1, 2005 is sufficient to

support a finding that the debt was not considered to be in default at the time that Litton obtained

it, since the allegations in the foreclosure complaint are contrary to Plaintiffs' allegations in the

complaint in the instant case.  Accordingly, the Court denies Defendants' motion on this issue.

### C.  Alleged Communications

Next, Defendants argue that Plaintiffs' claims should be dismissed, because the alleged

communications are not actionable.  Specifically, Defendants argue: (1) that any messages left

on Ms. Belin's answering machine do not constitute "communications" that can support a

violation of 15 U.S.C. § 1692e(11) of the FDCPA; (2) the phone calls with Ms. Belin do not

constitute communications that can support a violation of 15 U.S.C. § 1692c(b) of the FDCPA;

and (3) Plaintiffs' allegations regarding violations of 15 U.S.C. § 1692d lack enough specificity

to state a claim.[2]  Accordingly, the Court will address each argument.

### 1.  Messages on Ms. Belin's Answering Machine

Defendants argue that any messages left on Ms. Belin's answering machine do not

constitute communications that can support a violation of § 1692e(11).  Section 1692e(11)

provides:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section: .
> . . (11) . . . **[T]he failure to disclose in subsequent communications that the
> communication is from a debt collector**, except that this paragraph shall not
> apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11)(emphasis added).  Furthermore, the FDCPA defines "communication" as

"the conveying of information regarding a debt directly or indirectly to any person through any

medium."  15 U.S.C. § 1692a(2).

In the complaint, Plaintiffs allege that messages were repeatedly left on Ms. Belin's

answering machine that only gave the name of Litton, a phone number to call, and directions to

have Mr. Belin call that number.  (Doc. No. 1, ¶ 13c).  The messages left on Ms. Belin's

answering machine did not disclose that they came from a debt collector.  (Doc. No. 1, ¶ 13c).

Defendants argue that since the messages that were left on Ms. Belin's answering

---

[2]Defendants also state in passing that Plaintiffs' allegations lack sufficient specificity to
state a claim for a violation of § 1692c(b).  However, Defendants do not explain this argument,
and as such, the Court rejects it without further comment.

machine did not convey information regarding a debt, the messages were not communications under the FDCPA. The Court rejects this argument, since courts have found that messages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt. <u>See Stinson v. Asset Acceptance, LLC</u>, 2006 WL 1647134, at *2-3 (E.D. Va. June 12, 2006); <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F. Supp.2d 643, 655-59 (S.D.N.Y. 2006); <u>Hosseinzadeh v. M.R.S. Associates, Inc.</u>, 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005).

The Court notes that Defendants cite <u>Fava v. RRI, Inc.</u>, 1997 WL 205336 (N.D.N.Y. April 24, 1997), in support of their argument. Defendants' reliance on <u>Fava</u>, however, is misplaced.

In <u>Fava</u>, the debt collector sent a fax to the debtor's father. <u>See id.</u> at *6. The court dismissed the debtor's § 1692e(11) claim because: (1) the court found that the fax did not convey any information regarding the debt, and as such, it was not a communication under the FDCPA, and (2) the complaint did not address this fax. Since the <u>Fava</u> court did not describe the content of the fax, the <u>Fava</u> court's finding that the fax did not convey any information regarding the debt is of no persuasive value in the instant case, as this Court cannot analyze the basis for the <u>Fava</u> court's determination. Furthermore, dismissal of the § 1692e(11) claim was appropriate in <u>Fava</u>, since the <u>Fava</u> court found that the complaint did not specifically address the fax.

Accordingly, the Court finds that the messages left on Ms. Belin's answering machine constitute communications that can support a violation of § 1692e(11). As such, the Court denies Defendants' motion on this issue.

8

### 2.  Phone Calls with Ms. Belin

Next, Defendants argue that the phone calls with Ms. Belin do not constitute communications that can support a violation of § 1692c(b).  Section 1692c(b) provides:

> Except as provided in section 1692b[3] of this title, without the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

In the complaint, Plaintiffs allege that on several occasions, representatives of Litton called Ms. Belin and demanded that she have Mr. Belin call them.  (Doc. No. 1, ¶ 13d).  Defendants contend that a phone conversation with a person answering the phone is not a communication under the FDCPA when the debt collector merely requests to speak with the debtor.  Defendants cite Horkey v. J.V.D.B. & Associates, Inc., 179 F. Supp.2d 861, 868 (N.D.Ill. 2002), and Padilla v. Payco General American Credits, 161 F. Supp.2d 264, 274 (S.D.N.Y. 2001), in support of their argument.

While the courts in Horkey and Padilla found that a debt collector asking the person who answered the phone if the debtor was available or asking to be connected to the debtor were not communications in connection with the collection of any debt (and thus did not violate the FDCPA), Plaintiffs' allegations in the complaint set forth a different scenario.  Specifically, Plaintiffs allege that representatives of Litton called Ms. Belin and demanded that she have Mr. Belin call them.  Thus, unlike the facts in Horkey and Padilla, Plaintiffs allege that Litton left a

---

[3]Section 1692b deals with how a debt collector can communicate with people other than the consumer in order to obtain location information about the consumer.

9

message with Ms. Belin to have Mr. Belin contact Litton.  Just as leaving a message on an

answering machine constitutes communication under the FDCPA, Defendants' phone calls with

Ms. Belin were communications under the FDCPA.  As such, <u>Horkey</u> and <u>Padilla</u> are

distinguishable from the instant case, and Defendants' reliance on these cases is misplaced.

Accordingly, the Court denies Defendants' motion for summary judgment on this issue.

### 3.  Specificity

Next, Defendants argue that Plaintiffs' allegations regarding violations of § 1692d lack

enough specificity to state a claim.  Section 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt.

15 U.S.C. § 1692d.

In the complaint, Plaintiffs allege that on several occasions, representatives of Litton

called Ms. Belin, spoke to her rudely, and then abruptly hung up on her.  (Doc. No. 1, ¶ 13d).

Defendants argue that merely being rude is not actionable conduct under the FDCPA, and

instead, Plaintiffs must allege more specific and egregious conduct.  While the Court

acknowledges that Plaintiffs' allegation lacks specificity regarding how the representatives were

rude to Ms. Belin, the Court cannot find that it appears beyond doubt that Plaintiffs can prove no

set of facts that would show that representatives of Litton were so rude to Ms. Belin that the

natural consequence of their conduct was to harass, oppress, or abuse her.  As such, the Court

denies Defendants' motion on this issue.

### D.  Ms. Daffron's and Ms. Belin's Standing

Next, Defendants argue that Ms. Daffron and Ms. Belin's claims should be dismissed,

because they lack standing.  Specifically, Defendants argue that to the extent that Ms. Daffron

and Ms. Belin are attempting to assert claims for violations of §§ 1692c, 1692e, 1692f, 1692g,

and 1692h of the FDCPA and any violations of the FCCPA, they lack standing to assert such

claims.  Plaintiffs appear to concede that Ms. Daffron and Ms. Belin lack standing to assert

claims for violations of § 1692c, since such claims can only be asserted by consumers, which is

defined[4] as a natural person obligated or allegedly obligated to pay the debt and includes[5] the

consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

Since Plaintiffs appear to concede that Ms. Daffron and Ms. Belin are not consumers, they

cannot assert claims for violations of § 1692c.

     Plaintiffs' response, however, is unclear as to which of the plaintiffs are asserting which

claims for violations of §§ 1692e, 1692f, 1692g, and 1692h of the FDCPA and violations of the

FCCPA.  To further complicate matters, Defendants only cite case law regarding standing to sue

for violations of §§ 1692c and 1692e(11) of the FDCPA and for violations of the FCCPA.

Accordingly, the Court will only further address standing with respect to claims for violations of

§ 1692e(11) of the FDCPA and for violations of the FCCPA.[6]

     Furthermore, since Defendants have not submitted case law on the issue of standing to

pursue claims for violations of §§ 1692e(2)(A), 1692e(7), 1692f, 1692g, and 1692h, the Court

denies Defendants' motion without prejudice to they extent that they argue that Ms. Daffron and

---

[4]15 U.S.C. § 1692a(3)

[5]15 U.S.C. § 1692c(d)

[6]The Court notes that Plaintiffs also assert claims for violations of § 1692d, which can be brought by any person, not just consumers.  As such, Ms. Daffron and Ms. Belin have standing to pursue claims for violations of § 1692d.

Ms. Belin lack standing to pursue these claims.  Defendants can raise the standing issue again in a motion for summary judgment with appropriate citations to authority.  If Defendants do make such a motion, Plaintiffs are directed to include in their response an explanation as to which of the plaintiffs are asserting which claims.

### 1. § 1692e(11)

Absent a limitation in the provisions within § 1692e, the general rule is that any party may bring a claim for a violation of § 1692e.  See Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 649-50 (6th Cir. 1994); Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir. 2003).  Plaintiffs allege that Defendants violated § 1692e(11).  Defendants argue that claims for violations of § 1692e(11) can only be brought by consumers.  Specifically, Defendants cite Conboy v. AT&T Corp., 241 F.3d 242, 257 (2d Cir. 2001), in which the court found that only consumers, defined as a natural person obligated or allegedly obligated to pay the debt, have standing to bring a claim based on § 1692e(11).  Since Ms. Daffron and Ms. Belin are not consumers under the FDCPA, they do not have standing to pursue a § 1692e(11) claim. Accordingly, the Court grants Defendants' motion to the extent that they argue that Ms. Daffron and Ms. Belin lack standing to pursue a § 1692e(11) claim.

### 2. FCCPA

The FCCPA provides that a debtor may bring a civil action against a person who commits a prohibited act, as set forth in Florida Statute § 559.72, while collecting consumer debts.  Fla. Stat. § 559.77(1).  A debtor is defined by the FCCPA as a natural person obligated or allegedly obligated to pay a debt.  Fla. Stat. § 559.55(2).  Since Ms. Daffron and Ms. Belin are not alleged to be obligated to pay the loan, they are not debtors under the FCCPA, and they do

12

not have standing to pursue claims for violations of the FCCPA.  Accordingly, the Court grants

Defendants' motion to the extent that they argue that Ms. Daffron and Ms. Belin lack standing to

pursue claims for violations of the FCCPA.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss

(Doc. No. 13) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED**

to the extent that the Court finds that Ms. Belin and Ms. Daffron lack standing to pursue claims

for violations of § 1692c, 1692e(11), and violations of the FCCPA, and to they extent that they

assert such claims, those claims are dismissed; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record