UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BELIN, ET AL.,

    Plaintiffs,

v.                                            Case No.  8:06-cv-760-T-24 EAJ

LITTON LOAN SERVICING, LP, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Strike Demand for Jury Trial.  (Doc. No. 12).  Plaintiffs oppose this motion (Doc. No. 14), and Defendants have filed a reply brief (Doc. No. 19).

**I.  Background**

Plaintiffs Michael Belin, Carol Belin, and Lisa Daffron filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  Plaintiffs' claims arise from collection activity for amounts due under a mortgage and note that Michael Belin executed and which was eventually assigned to Defendant Litton Loan Servicing, LP.  The final paragraph of the mortgage contains the following provision: "Jury Trial Waiver.  The Borrower [Mr. Belin] hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."  (Doc. No. 1, Ex A, ¶ 25).

**II.  Motion to Strike**

Defendants move to strike Plaintiffs' jury demand in the complaint based on the jury trial waiver provision in the mortgage. While a party asserting a claim for a violation of the FDCPA has a right to a trial by jury, see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982), the party may waive its right to a jury trial so long as the waiver is knowing and voluntary, see Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006)(citations omitted). In determining whether a party has knowingly and voluntarily waived its right to a jury trial, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Id. at 824 (citations omitted).

The Eleventh Circuit has not ruled on the issue of which party has the burden of proving that the waiver was or was not given knowingly and voluntarily. See id. at 824, n.1. In the instant case, the Court does not need to determine who has the burden, since Plaintiffs do not argue in their response that the waiver was not knowingly and voluntarily given. Furthermore, this Court finds that even if the burden is on Defendants to prove the validity of the waiver, Plaintiffs must come forward with some proof that calls into question whether the waiver was knowingly and voluntarily given. See Mellon Bank, N.A. v. Miglin, 1993 WL 281111, at *11 (N.D. Ill. April 29, 1993).

Based on the evidence before the Court, the Court finds that Defendants have shown that Mr. Belin knowingly and voluntarily waived his right to a jury trial. The Court finds that the waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a

relatively short document,[1] and as such, it cannot be considered to be hidden within the document, and (4) it states in clear and unambiguous language that Mr. Belin is waiving his right to a jury trial.  See, e.g., Mellon Bank, 1993 WL 281111, at *12 (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous); Allyn v. Western United Life Assurance Co., 347 F. Supp.2d 1246, 1252-53 (M.D. Fla. 2004)(finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).  Furthermore, Mr. Belin was thirty-four years old and educated when he submitted his loan application for the mortgage.[2]  (Doc. No. 12-2).  Given this evidence, the Court finds that Mr. Belin knowingly and voluntarily waived his right to a jury trial.

Rather than challenging whether the waiver was knowingly and voluntarily given by Mr. Belin, Plaintiffs make three arguments in support of their contention that they are entitled to a jury trial: (1) Ms. Belin and Ms. Daffron did not sign the mortgage, and as such, they are not bound by the jury trial waiver provision; (2) Plaintiffs' FDCPA and FCCPA claims are not within the scope of the jury trial waiver provision; and (3) parties asserting claims under the FDCPA and FCCPA cannot waive their right to jury trials.  Accordingly, the Court will address each argument.

---

[1]The mortgage is twelve pages long.  The jury trial waiver provision is on the bottom of the eleventh page, and the twelfth page is the signature page.

[2]On his loan application, Mr. Belin indicates that he attended sixteen years of school, which implies that he either went to college or obtained some education beyond high school.  Mr. Belin did not challenge Defendants' assertion that he obtained such education in his response to the motion to strike his jury demand.

### A.  Ms. Belin and Ms. Daffron

Plaintiffs argue that since Ms. Belin and Ms. Daffron did not sign the mortgage, they are not bound by the jury trial waiver provision.  While Defendants contend that Ms. Belin and Ms. Daffron are bound by this provision in a document that they have not signed, Defendants have not cited any authority for their argument.  As such, the Court denies the motion to the extent that Defendants seek to strike Ms. Belin and Ms. Daffron's jury trial demand.

### B.  Scope of the Jury Trial Waiver Provision

Next, Mr. Belin argues that his FDCPA and FCCPA claims are not within the scope of the jury trial waiver provision, and as such, he is entitled to have a jury hear his claims.  The jury trial waiver provision in the mortgage provides: "The Borrower [Mr. Belin] hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."  (Doc. No. 1, Ex A, ¶ 25).  The Court rejects Mr. Belin's argument that his FDCPA and FCCPA claims are not in any way related to the mortgage, and thus not within the scope of the jury trial waiver provision, since his claims arise from collection activities for amounts due under the mortgage and note that he executed.  See Miller v. Northwest Trustee Services, Inc., 2005 WL 1711131, at *4 (E.D. Wash July 20, 2005).

Furthermore, the Court notes that Mr. Belin's relies on Azar v. Hayter, 874 F. Supp. 1314 (N.D. Fla. 1995), in support of his argument that his claims are not related to the mortgage.  In Azar, the issue before the court was whether the plaintiff's FDCPA claim was barred due to his failure to assert it as a compulsory counterclaim in a prior action to enforce the underlying debt.  See id. at 1317.  The court found that the plaintiff was not barred from asserting his FDCPA

claim, because it was not a compulsory counterclaim, since it did not arise out of the same transaction or occurrence as the transaction creating the underlying debt.  See id.

Mr. Belin's reliance on Azar, however, is misplaced.  Clearly, Mr. Belin's FDCPA and FCCPA claims are related to the mortgage, even though they do not directly arise from the mortgage itself.  As such, the Court rejects Mr. Belin's argument on this issue.

### C.  Ability to Waive Right to a Jury Trial

Next, Mr. Belin argues that parties asserting claims under the FDCPA and FCCPA cannot waive their right to a jury trial.  Mr. Belin, however, does not cite any direct authority in support of this contention.  Furthermore, courts have recognized that a party may waive their right to a jury trial for FDCPA claims.  See Miller, 2005 WL 1711131, at *4, n.4; In re Taylor, 260 B.R. 548, 556 (Bankr. M.D. Fla. 2000).  Therefore, the Court rejects Mr. Belin's argument on this issue.

### III.  Conclusion

Based on the above, the Court finds that Ms. Belin and Ms. Daffron are entitled to have their FDCPA claims heard by a jury.  Mr. Belin, on the other hand, has knowingly and voluntarily waived his right to a jury trial on his FDCPA and FCCPA claims.

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Strike Demand for Jury Trial (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court finds that Mr. Belin has waived his right to a jury trial, and as such, his jury demand is hereby stricken; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record